5      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF WASHINGTON

| JOANNE PORT, individually and as the Personal Representative of the estate of Ricky Alan Port,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No: 2:17-CV-0280-TOR<br><br>ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM |
|---|---|

BEFORE THE COURT is Defendant United States of America's Motion to Dismiss Transplant-Related Claim (ECF No. 41). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Court DENIES Defendant's Motion to Dismiss.

## BACKGROUND

The instant action involves Plaintiff Joana Port's claim, on behalf of herself and as the personal representative of the estate of Ricky Alan Port, for medical

ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM ~ 1

negligence and failure to inform filed against the United States of America ("United States") for the acts of its agents at the Spokane Mann-Grandstaff Veterans Affairs Medical Center system ("Spokane VA") and the Seattle Veterans Affairs Medical Center system ("Seattle VA").[1]

For purposes of this motion only, the Court will assume the facts alleged by Plaintiff to be true.[2] In 2015, while under the care of the VA in Arizona, Mr. Port was diagnosed with pulmonary fibrosis. ECF No. 6 at ¶ 3.6. According to Plaintiff, "[a]t the time of diagnosis of pulmonary fibrosis and following, Mr. Port was eligible for a lung transplant, with a body-mass index (BMI) of 27." ECF No. 6 at ¶ 3.7. In the fall of 2015, Mr. Port moved to Spokane, Washington, and received medical care through the Spokane VA. ECF No. 6 at ¶ 3.8. In 2016, Mr. Port also received care through the Seattle VA. ECF No. 6 at ¶ 3.9. On February 24, 2016, Mr. Port was admitted to the Spokane VA with diagnoses including:

---

[1] Plaintiff mistakenly refers to these entities as the "Veteran's Army Medical Centers." *See* ECF No. 6.

[2] Generally, courts accept as true the factual allegations of Plaintiffs' complaint and ask "whether the allegations state a claim sufficient to survive a motion to dismiss." *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM ~ 2

1. Acute-on-chronic respiratory failure;
2. Tobacco dependence in remission;
3. Morbid obesity;
4. Chronic obstructive lung disease;
5. Bronchiectasis;
6. Multiple pulmonary nodules;
7. Chronic cough;
8. Dyspnea on exertion;
9. Hypoxemia;
10. Patient on oxygen;
11. Gastroesophageal reflux disease;
12. Fibrosis of lung;
13. Essential hypertension; and
14. Hyperlipidemia.

ECF No. 6 at ¶ 3.10. Mr. Port was intubated on March 6, 2016, due to increasing hypoxia. ECF No. 6 at ¶ 3.11. According to Plaintiff, the intubation caused pneumothorax (a hole in the lung) and Mr. Port died soon thereafter. ECF No. 6 at ¶¶ 3.12-3.14.

On April 26, 2016, Plaintiff submitted a Federal Tort Claims Act administrative claim for damages alleging the VA breached its duty of informed consent and was negligent in its care. ECF No. 6 at ¶ 2.1. Six months elapsed without a response from the VA, now allowing plaintiff to bring this action. ECF No. 6 at ¶ 2.1.

Plaintiff filed a Complaint on April 17, 2017 in the Western District of Washington, ECF No. 1, and an Amended Complaint on June 27, 2017, naming the United States as defendant pursuant to 28 U.S.C. § 2671, as the VA facilities

at issue and its employees are all agents of the United States. ECF No. 6 at ¶¶ 1.2, 4.1. The case was subsequently transferred to the Eastern District of Washington pursuant to the Parties' stipulation. ECF Nos. 19; 20.

Plaintiff's Amended Complaint alleges negligence and lack of informed consent. ECF No. 6 at ¶¶ 4.2-4.5. As to the claim for negligence, Plaintiff alleges "the Mann-Grandstaff Veteran[]s [Affairs] Medical Center system and Seattle Veteran[]s [Affairs] Medical Center system failed to exercise the degree of care, skill and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances." ECF No. 6 at ¶¶ 4.2, 4.3. Specifically, the Amended Complaint alleges the Defendant United States – through its agents – failed to:

1. timely detect and treat Mr. Port's pulmonary fibrosis;

2. place Mr. Port on the transplant list while he would have been eligible for transplant. If timely placed on the transplant list, transplant likely would have occurred and Mr. Port would not have experienced hospitalization and death in February and March 2016; and

3. provide reasonable prudent care under similar circumstances, including failure to reasonably intubate, causing pneumothorax, which led directly to Mr. Port's death.

ECF No. 6 at ¶ 4.6.

The United States moves to Dismiss Plaintiff's Transplant-Related Claims (ECF No. 41), arguing 38 U.S.C. § 511 of the Veterans Judicial Review Act

ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM ~ 4

("VJRA") strips the Court of jurisdiction to review such claims. Plaintiff opposes the motion. The issue is now before the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss the complaint for lack of subject matter jurisdiction:

> "Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Kingman Reef Atoll Invs., L.L.C. v. United States,* 541 F.3d 1189, 1195 (9th Cir. 2008). A district court may "hear evidence regarding jurisdiction" and "resolv[e] factual disputes where necessary." *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983). "[N]o presumptive truthfulness attaches to plaintiff's allegations." *Id.* (internal quotation marks omitted). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. E.P.A.,* 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

*Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (brackets in original).

## DISCUSSION

Defendant requests the Court enter "an order dismissing Plaintiff's claim that the VA negligently failed to place Mr. Ricky Port on the VA's lung transplant benefit list as alleged in paragraph 4.6.2 of the Amended Complaint (ECF No. 6)." ECF No. 41 at 1. Defendant argues the Court lacks jurisdiction over such a claim pursuant to 38 U.S.C. § 511:

> Plaintiff's claim regarding the failure to put Mr. Port on the transplant list challenges the VA's determination of medical benefits, *i.e.,* whether to provide him a lung transplant. As such, this claim must be dismissed because the sole avenue to challenge the VA's decision to provide or deny

ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM ~ 5

Plaintiff a lung transplant is through the Board of Veterans' Appeals. *See* 38 U.S.C. § 511(a); 38 U.S.C. § 7104(a). Therefore, this Court lacks subject matter jurisdiction over this claim and dismissal is required.

ECF No. 41 at 3. The VJRA provides that certain decisions of the Secretary of Veterans Affairs are unreviewable:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). "[Section] 511 precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits decisions," *Beamon v. Brown,* 125 F.3d 965, 971 (6th Cir. 1997), "including 'any decision by the Secretary in the course of making benefits determinations, *Broudy v. Mather,* 460 F.3d 106, 115 (D.C. Cir. 2006)." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc). "This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Id.* (citations omitted).

Although § 511 is quite broad as it applies to the reviewability of a decision by the Secretary, § 511 does not bar every claim involving the dispensation of health care by the VA. This is especially true where the plaintiff allegedly

received negligent medical care, but is not challenging any actual benefits decision of the VA. *See Littlejohn v. United States*, 321 F.3d 915 (9th Cir. 2003). This is the case here.

Contrary to Defendant's contentions, no part of Plaintiff's claim is barred by § 511, as the claim does not ask the court to review any actual decision (*e.g.* a denial of benefits) of the VA, nor does the relief Plaintiff requests affect the provision of benefits. Defendant points to language that, at first blush, appears to challenge the VA's decision to withhold a benefit—paragraph 4.6.2 of Plaintiff's Complaint states:

> Defendant United States failed to place Mr. Port on the transplant list while he would have been eligible for transplant. If timely placed on the transplant list, transplant likely would have occurred and Mr. Port would not have experienced hospitalization and death in February and March 2016.

ECF No. 6 at ¶ 4.6.2. However, as Plaintiff clarifies in her Response (ECF No. 44), Plaintiff does not challenge any benefit determination, but rather, her negligence claim is premised on the fact that a transplant was properly denied, which only serves to establish the causal link between the healthcare providers' negligence and Port's damages. ECF No. 44 at 2.

In fact, Mr. Port was placed on the transplant list at a later time, and Plaintiff alleges Mr. Port was "properly denied" a transplant—Plaintiff now merely complains that but for the acts of negligence by the VA healthcare providers Mr.

ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM ~ 7

Port should have been placed on the list at an earlier time. ECF No. 44 at 2. As such, rather than challenge a benefit decision of the VA, the allegation merely serves to demonstrate the link in the causal nexus between the "acts of negligence that prevented the decedent from being placed on the transplant list in a timely fashion, while he was still eligible for a transplant" and Mr. Port's eventual death. In other words, the VA's "failure" to put Mr. Port on the transplant list in a timely manner is – as Plaintiff notes – just a consequence of alleged negligence, as opposed to an actual decision to deny benefits by the Secretary. ECF No. 44 at 2.

While this establishes the causal link between their negligence and Port's damages, a classic lost chance scenario, *see Mohr v. Grantham*, 172 Wash. 2d 844 (2011), it does not require the Court to review any benefits decision by the VA."

Placed in this light, the case of *Littlejohn*– which neither party cites – is determinative in Plaintiff's favor, where the plaintiff was able to bring an FTCA claim for medical negligence against the VA.[3] 321 F.3d 915. In *Littlejohn*, after

---

[3] Although the United States did not challenge subject matter jurisdiction in *Littlejohn*, the Court in *Veterans for Common Sense* cites to the case of *Littlejohn* in considering the bounds of § 511, recognizing *Littlejohn* is an example where the district court "could consider a veteran's Federal Tort Claims Act ("FTCA") claim alleging negligence against VA doctors because doing so would not 'possibly have

complaining about intermittent tingling and numbness in his hands and arms, as well as dizziness, Littlejohn was examined by a neurologist through the VA, who concluded that Littlejohn did not suffer from any neurological diseases. *Id.* at 918. Soon after, Littlejohn suffered grand mal seizures and a series of strokes. *Id.* Littlejohn then filed a disability claim with the VA for benefits based on disabilities traceable to the stroke pursuant to 38 U.S.C. § 1151, which provides VA disability payments if a claimant can show their disabilities are caused by negligently furnished hospital care, inter alia. *Id.*

     The VA granted Littlejohn's § 1151 claim, finding Littlejohn "did not receive quality medical care or a correct, timely diagnosis from VA Reno's doctors." *Id*. Littlejohn also "filed a claim with the VA under the FTCA, alleging negligence on the part of two VA physicians and requesting damages of $5,000,000. The VA denied this claim through non-action. Littlejohn then filed an FTCA action in the district court, with his operative complaint requesting damages in excess of $2,000,000." *Id.* at 919. Notably, the United States did not challenge subject matter jurisdiction over the FTCA claim. Rather, Littlejohn raised the § 511 bar in an attempt to apply issue preclusion to the VA's finding of negligence

---

any effect on the benefits he has already been awarded.'" *Veterans for Common Sense*, 678 F.3d at 1023 (quoting *Littlejohn*, 321 F.3d at 921).
ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM ~ 9

in Littlejohn's § 1151 claim. *Id.* Littlejohn argued that revisiting the issue would be an improper review of a decision of the VA and is thus barred by § 511. *Id.* Although the VA had determined the actual issue of negligence in the § 1151 hearing, the Ninth Circuit found § 511 did not preclude the district court's review of whether plaintiff stated a claim for negligence. The Ninth Circuit reasoned that deciding the issue would not affect any benefits determination:

> Littlejohn's judicial review argument fails, however, because he has not shown how the adverse decision in the present case could possibly have any effect on the benefits he has already been awarded. . . . Without any diminution of his entitlement to disability benefits, we see no way in which a decision on the merits of Littlejohn's FTCA claim amounts to judicial review of the § 1151 proceedings.

321 F.3d at 921.

The instant case is similar to *Littlejohn*. As in *Littlejohn*, a decision on the merits in this case would have no bearing on any benefits, and the claim for negligence does not challenge any benefits decision of the VA. 321 F.3d at 921. Notably, as the Ninth Circuit recognized in a footnote in *Veterans for Common Sense* while discussing *Littlejohn*, "[t]he FTCA specifically confers jurisdiction on federal district courts to hear [a veteran's FTCA claim alleging negligence against VA doctors]" and "the VA ha[s] separate procedures for dealing with FTCA claims." *Veterans for Common Sense*, 678 F.3d at 1023 n.13 (citing 28 U.S.C. § 1346(b)(1); *Littlejohn,* 321 F.3d at 921 n.5). Accordingly, it should be no

surprise that medical negligence claims against the VA can be pursued despite § 511's apparently broad reach.

As the D.C. Circuit properly explained in a similar case involving a claim for medical negligence against the VA, there is no § 511 preclusion in such cases because the "raised 'questions of law and fact' relate to whether [the VA's alleged negligent healthcare] states a tort claim, and resolution of those questions is not 'necessary' to the benefits determination … [In other words,] no denial of benefits 'underlies' [plaintiff's allegations]." *Thomas v. Principi*, 394 F.3d 970, 974–75 (D.C. Cir. 2005) (internal bracket omitted). The Sixth Circuit in *Anestis v. United States* reached a similar result in finding a claim for medical negligence against the VA survived a § 511 attack:

> Anestis's claim does not involve a review of a benefits determination. Rather, Anestis's claims are couched in terms of failure to treat and failure to provide care. Anestis is not challenging the VA's decisions and actions regarding his application for benefits or his eligibility or enrollment status.

749 F.3d 520, 526 (6th Cir. 2014). Notably, in deciding *Anestis*, the Sixth Circuit distinguished a previous Sixth Circuit case, *Beamon*, 125 F.3d at 970, where § 511 precluded plaintiff's challenge to the VA's timeliness of administering benefits—a case markedly similar to *Veterans for Common Sense*, which involved a similar challenge. *Anestis*, 749 F.3d at 526; *Veterans for Common Sense*, 678 F.3d at 1028.

Defendant argues this case is "similar" to the case of *Zuspann v. Brown*, 60 F.3d 1156, 1157 (5th Cir. 1995). ECF No. 41 at 4. However, in *Zuspann*, the plaintiff was requesting the Court review the VA's determination that the plaintiff was not eligible for certain benefits, with the hopes that the VA would reimburse plaintiff for his medical costs and pain, among other things. *Zuspann*, 60 F.3d at, 1159. This is not the case here. Contrary to *Zuspann*, Plaintiff is not challenging a decision of the Secretary to deny benefits and the relief sought would in no way affect Mr. Port's benefits from the VA. The cases Defendant cites otherwise are of no help, as they involve actual decisions made by the VA, as opposed to the negligent provision of care. *See*, *e.g.*, *Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1175–76 (9th Cir. 2013) (plaintiff sought reimbursement for medical costs, alleging the VA wrongly denied benefits); *Veterans for Common Sense*, 678 F.3d at 1030 (challenging VA's "method of providing benefits to individual veterans"); *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) (challenging decision to discharge patient); *Haas v. Oregon Health & Sci. Univ.*, No. CV-13-01290-PHX-GMS, 2014 WL 900726, at *2 (D. Ariz. Mar. 7, 2014) (challenging the VA's decision to deny benefit request for kidney transplant).

Because no benefit decision of the VA is under review, this is not a case where the court is reviewing a decision "made in the context of an individual veteran's VA benefits proceeding[.]" *Veterans for Common Sense*, 678 F.3d at

1023 (citing *Zuspann*, 60 F.3d at 1159–60).  Further, because the relief sought would not affect the benefits received, this is not a case "where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding[.]" *Id.* at 1024 (citing *Weaver v. United States,* 98 F.3d 518, 519–20 (10th Cir. 1996)). Similarly, because there was no "formal 'decision' by the Secretary or his delegate[,]" *Id.* at 1024 (quoting *Bates v. Nicholson* 398 F.3d 1355, 1365 (Fed. Cir. 2005)), this is not a case where the "district court [would have] to review 'VA decisions that relate to benefits decisions[.]'" *Id.* at 1025 (citing *Beamon,* 125 F.3d at 971).

Plaintiff's explication of her claim and concession that it does not challenge any benefits determination, thus places it outside § 511's preclusion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant United States' Motion to Dismiss Transplant Claim (ECF No. 41) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** February 23, 2018.



      s/ Thomas O. Rice
      THOMAS O. RICE
      Chief United States District Judge

ORDER DENYING MOTION TO DISMISS TRANSPLANT CLAIM ~ 13