UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOANNE PORT, individually, and as the Personal Representative of the Estate of Ricky Alan Port,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

NO: 2:17-CV-0280-TOR

ORDER GRANTING DEFENDANT UNITED STATES' MOTION FOR PROTECTIVE ORDER

BEFORE THE COURT is Defendant United States of America's Motion for Protective Order (ECF No. 58). Defendant United States of America moves the Court to enter an order prohibiting disclosure of the Department of Veterans Affairs employees' employment files. ECF No. 58 at 1. The motion was submitted for consideration without oral argument. Plaintiff Joanne Port opposes the motion. The Court has reviewed the record and the file, and is fully informed. For the reasons discussed below, the United States' motion (ECF No. 58) is granted.

ORDER GRANTING DEFENDANT UNITED STATES'
MOTION FOR PROTECTIVE ORDER ~ 1

BACKGROUND

On April 17, 2017, Plaintiff Joanne Port, individually and as the Personal Representative of the Estate of Ricky Alan Port, brought this suit alleging the United States is liable under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346(b)(1), for failure to inform, negligence and professional malpractice in connection with medical care provided to Mr. Port by the Department of Veterans Affairs. ECF No. 1 at ¶¶ 4.2-4.5.

On or about July 25, 2018, Plaintiff served the first interrogatories and requests for production, including the following request:

> **REQUEST FOR PRODUCTION NO. 4:** Please produce the employment files, to include contracts with the VA for the following providers:
>
>     a) Kamana Mbekeani, MD
>     b) Andrew Monroe, MD
>     c) Diane Tuning, RRT
>     d) Sarah Eaton, RN

ECF No. 59-1 at 1. After counsel for the Parties discussed the United States' objections to this request, the United States formally served the following response to this request:

> **RESPONSE:** This request is overly broad and not proportionate to the issue in this case, *to wit:* whether Mr. Port's care fell below the accepted standard of care and proximately caused his death. Furthermore, employment files contain a great deal of personal and private information the disclosure of which would serve no purpose other than to potentially harass or embarrass these employees. *See Sutton v. State of Washington,* 2007 WL 3306758, at *2 (W.D. Wash. Nov. 5, 2007) (denying a motion to compel employment file of a Department of Corrections employee that allegedly failed to protect

plaintiff from a sexual assault); *Scholz v. United States,* 16-CV-1052, 2018 WL 2733695, at *6 (E.D. Wis. June 7, 2018) (denying Plaintiffs motion to compel to a similar request in the medical malpractice context). VA employees e-OPF file includes a great deal of private information including all personnel actions ( e.g. appointment, promotion, salary change, etc.), designations of beneficiaries for benefits, appraisals, application for employment/resume, health/life insurance/TSP elections, Declaration of Federal Employment (form 306), licenses/certifications, military history, SF-15 Disability Rating/[Eligibility]. Similarly, the credentialing and privileging records include: National Practitioner Identifier, Taxonomy number, License, DEA, State DEA (CDS), Education, Training, National Practitioner Data Bank Reports, Federation of State Medical Board Reports History since education, Peer references, Service Chief Assessment, Declaration of Health, Release of information, Privileges. The United States is withholding the e-OPF and credentialing and privileging files of the above listed providers due to the above objection.

ECF Nos. 58 at 3-4; 59-1 at 1.

Counsel for the Parties engaged in another telephonic "meet and confer", but the Parties were not able to reach a consensus as to the Request for Production No. 4. According to the United States, "Plaintiff's counsel then instructed the United States to file its motion for a protective order on this issue." ECF No. 58 at 4-5. The United States filed the Motion for Protective Order (ECF No. 58). This Motion is now before the Court.

## DISCUSSION

The United States argues Plaintiff's Request for Production No. 4 is overbroad and seeks records that are not relevant to the issues or claims. ECF No. 58 at 6. Plaintiff argues the discovery sought is relevant and compelling disclosure

would not impose an undue burden. ECF No. 62 at 4-6. The Court finds the discovery sought is <u>not</u> relevant to the issues or claims presently before the Court.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . ." Fed. R. Civ. P. 26(b)(1). When considering the scope of discovery the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even when requested documents are within the discoverable scope, the Court may forbid the requested disclosure when good cause exists to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1)(A).

The United States argues that the allegedly negligent conduct of the employees is at issue and thus relevant, not the employee files. The United States concedes the files may be relevant for determining whether the employees were working within the course and scope of employment, but represents it would stipulate the employees were agents of the VA. ECF No. 58 at 6. The United States also complains that "Plaintiff has not even claimed the particular providers for which she is demanding the entire personnel files have even committed any

acts of negligence." ECF No. 58 at 7. The United States further argues that, even if relevant, good cause exists to prohibit disclosure. ECF No. 58 at 6.

Plaintiff argues the Court should compel discovery because "these files likely contain relevant information regarding the medical practitioners who provided care and treatment to Plaintiff." ECF No. 62 at 1-2. Plaintiff represents that she has already agreed to a limited version of the request:

> Plaintiff has already agreed to limit the scope of the request in agreeing not seeking personal identifying information but solely curriculum vitae, employment history, disciplinary history, credentialing and privileging records, claims and complaints regarding medical care. Plaintiff is not seeking compensation, beneficiary, military service records or insurance information.

ECF No. 62 at 2.

First, Plaintiff argues the records "would conclusively establish the status of the providers as employees of the [United States] as opposed to independent contractors." ECF No. 62 at 4. However, the United States represented it would stipulate that the individuals were employees, so this is no longer a live controversy. Given the proffered stipulation, compelling disclosure of the files for this purpose would be disproportionate to the needs of the case.

Second, Plaintiff argues that the records will be relevant for cross-examination of the individual providers, arguing:

> The second reason these records are relevant is because Defendant will likely ask its providers in direct examination whether they believe the care

ORDER GRANTING DEFENDANT UNITED STATES'
MOTION FOR PROTECTIVE ORDER ~ 5

> and treatment they provided to the Plaintiff met the standard of care. Plaintiff is entitled thereafter to cross examine the provider on the basis for their opinion. The basis will likely be their education, training and experience. Plaintiff is allowed to then inquire as to education, training, and experience. Plaintiff is not required to rely on the testimony of the practitioners alone, but is entitled to documents relating to the same. This would include curriculum vitae, hospital applications, privileging and credentialing information including any restrictions or probations, as well as national data bank reports. If there have been other claims or complaints against the same providers in other matters, where they also believe they met the standard of care, that is proper cross examination.

ECF No. 62 at 5. The United States represents that it does not intend to call the named individuals as expert witnesses. ECF No. 64 at 2-3. As such, any opinion proffered by the individuals would be limited to one rationally based on their own perception and not based on scientific, technical, or other specialized knowledge. Fed. R. Ev. 701. The individuals' training and related records are thus not relevant. Moreover, it is not clear how records relating to "other claims or complaints against the same providers in other matters, where they also believe they met the standard of care," could be relevant for a cross-examination of a lay witness. What is relevant is the allegedly negligent conduct, not the track record of the employees at issue (this could be relevant for a claim for negligent hire or training, but Plaintiff is not asserting either cause of action).

Plaintiff finally argues the records are relevant for the potential defense that the providers made a "judgment call" or the result was merely a "bad outcome":

> A third reason these records are relevant is because the defense in this case may be that the providers made a judgment call, or this was simply a bad

outcome. Again, documents contained within employee files regarding education, training, privileging and credentialing information including any restrictions or probations, as well as national data bank reports and other claims or complaints against the same providers in other matters, where they also believe they made a judgment call or the injury was simply the result of a bad outcome, that is proper cross examination.

ECF No. 62 at 5-6. Notably, whether the individual employees made a judgment call (or there was merely a bad outcome) appears to revert back to the issue of whether the employees were negligent. Plaintiff has not made it clear how the records sought would have any bearing on whether the providers made a "judgment call", how the records may be relevant to the issue of negligence or medical malpractice here, or how the records could be used for cross-examination of a lay witness. Without any additional explanation as to the relevance of the records sought, the Court grants the United States' motion (ECF No. 58).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant United States' Motion for Protective Order (ECF No. 58) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 28, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT UNITED STATES'
MOTION FOR PROTECTIVE ORDER ~ 7