# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANNE PORT, individually, and as the Personal Representative of the Estate of Ricky Alan Port,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO: 2:17-CV-0280-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendant United States of America's Motion for Summary Judgment (ECF No. 78) and Plaintiff Joanna Port's Motion for Reconsideration (ECF No. 93). The Motions were submitted for consideration without a request for oral argument. The Court has reviewed the record and the briefing, and is fully informed. For the reasons discussed below, Defendant's Motion for Summary Judgment (ECF No. 78) is **granted** and Plaintiff's Motion for Reconsideration (ECF No. 93) is **denied**.

## MOTION FOR RECONSIDERATION

Plaintiff requests the Court reconsider its Order Granting Defendant's Motion to Exclude (ECF No. 91). ECF No. 93. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Despite conceding the validity of the basis for the Order, Plaintiff argues the initial decision was manifestly unjust because the Order is tantamount to a dismissal given Plaintiff has only presented one expert opinion for her claim of medical negligence.

The Court recently excluded Plaintiff's expert report (*see* ECF No. 71-2) because it provided opinions that were not relevant nor adequately explained, in violation of Federal Rule of Evidence 702 (governing expert opinions, as expanded upon in *Daubert v. Merrell Dow Pharm., Inc.*) and Federal Rule of Civil Procedure 26 (governing initial disclosures of expert opinions). *See* ECF No. 91 at 4-7. Plaintiff requests the Court reconsider its decision to exclude the opinion – conceding the problems raised by the Court in light of *Daubert* – and suggesting the Court allow the evidence on the condition that Plaintiff will cover the costs associated with Defendants deposing Dr. Sonett. ECF No. 93 at 2. In other words,

Plaintiff concedes the validity of the ruling, but requests the Court soften the blow by allowing/requiring Defendant to flush out the details in a deposition paid for by Plaintiff.

Critically, Plaintiff requests the Court allow the introduction of an expert opinion that does not comply with the Federal Rules of Evidence. Fed. R. Evid. 702. Plaintiff does not request an extension of the deadline to file expert reports nor does she request more time in responding to Defendant's Pending Motion for Summary Judgment to provide a proper expert opinion. The Court cannot comply with this request without rewriting the rules of evidence. If it were simply a failure to provide timely disclosures, there are circumstances where excluding an expert opinion may be too severe. However, the opinion failed to meet the basic requirement for an expert opinion under Federal Rule of Evidence 702 and the Court cannot simply bend the rules of evidence and ignore Supreme Court case law to avoid the consequences of failing to introduce competent evidence. It is beyond dispute that unexplained expert opinions are not admissible under Federal Rule of Evidence 702 and Plaintiff concedes such.

Notably, Plaintiff has provided a supplemental declaration from Dr. Sonett addressing the contentions of Defendant's expert witness. *See* ECF No. 94-1. However, as discussed more below, the supplemental declaration suffers from the exact issues raised by the Court in excluding the first declaration: the expert

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

opinion delves into the merits of the VA's decision not to place Mr. Port on the transplant list based on his BMI and otherwise proffers conclusions without any substantive explanation. Plaintiff has effectively been given a second bite of the apple and still comes up short.

It is worth mentioning that, in the Motion for Reconsideration, Plaintiff opines that her claims may have been misconstrued. Plaintiff states: "Plaintiff maintains again that expert Dr. Sonett's opinion of Mr. Port not being timely placed on a transplant list has nothing to do with a benefits determination." ECF No. 93 at 7. Plaintiff is correct that the issue of timeliness in detecting Mr. Port's condition (at issue here) is separate from the issue of whether the VA properly excluded Mr. Port from the transplant list (an issue not subject to review). However, in his declaration, Dr. Sonnet did not directly opine that the VA should have detected Mr. Port's pulmonary fibrosis at an earlier time, but rather spends most of the time arguing the merits of a decision to exclude Mr. Port from the list based on a BMI above 30, which clearly goes to whether the VA properly excluded Mr. Port from the transplant list. *See* ECF No. 71-2; *see also* ECF No. 93 at 7 (arguing the national "standard of care for putting patients on the transplant list does not exclude them if their BMI is over 30").

Plaintiff's Motion for Reconsideration (ECF No. 93) is therefore **denied**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

# MOTION FOR SUMMARY JUDGMENT

A. **<u>Standard of Review</u>**

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Per Rule 56(c), the parties must support assertions by: "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The

"evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id*. at 252.

B. **Discussion**

Defendant United States of America requests the Court enter summary judgment against Plaintiff Joanna Port for all claims. ECF No. 78. Specifically, Defendant argues Plaintiff's "corporate negligence" against the United States is not cognizable under the FTCA, Plaintiff's informed consent and medical malpractice claim fails for lack of evidence, and Plaintiff's negligence claim fails as being duplicative of the medical negligence claim. ECF No. 78 at 2-6; *see* ECF No. 6 at 4-5, ¶¶ 4.2-4.5. Plaintiff concedes dismissal of the informed consent and corporate negligence claims, but argues "[t]here are material facts in dispute regarding the medical care and treatment provided to Mr. Port by medical provider of the VA, in particular in Spokane." ECF No. 88 at 1. In attempting to support this position, Plaintiff simply provides a detailed statement of facts, ECF No. 88 at 2-8, a brief statement of the law (conceding the necessity of expert testimony), ECF No. 88 at 8-9, and a verbatim recitation of the supplemental report from Dr. Sonnet, ECF No. 88 at 10-12.

The Court finds that Defendant is entitled to summary judgment. The Parties agree, and the Court finds, that expert testimony is necessary for Plaintiff to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 6

proceed with the claim for medical negligence (and the duplicative negligence claim). Plaintiff submitted a declaration and a supplemental response from Dr. Joshua Sonnet. However, the Court excluded the declaration, as discussed above, because it discussed irrelevant matters (the merits of the VA's decision to not put Mr. Port on the transplant list based on his weight) and otherwise failed to provide a reasoned explanation for the proffered opinions in accordance with Rule 702 and *Daubert*. The supplemental response does not fare any better, so Plaintiff does not present any admissible expert opinion supporting her claim.

In the supplemental response, Dr. Sonnet (1) focuses on the merits of the VA's decision to not place Mr. Port on the transplant list based on his BMI (arguing other institutions "could have accepted Mr. Port as candidate") and (2) attempts to support his previous opinion as to Mr. Port's life expectancy with a transplant, ECF No. 89-3, but the first contention is not at issue[1] and the second contention is only relevant if Plaintiff establishes Mr. Port should have been placed on a transplant list at an earlier time (which Plaintiff fails to show). Rather, there

---

[1] Plaintiff conceded the negligence claim is "premised on the fact that a transplant was properly denied," ECF No. 44 at 2, so the question whether the VA should have put Mr. Port on the transplant list despite his high BMI is not at issue.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 7

are two critical issues underlying Plaintiff's claim of negligence—namely, (1) whether the VA negligently failed to timely detect and treat Mr. Port's pulmonary fibrosis (thereby missing the chance to be placed on the transplant list while he was still eligible) and (2) whether the VA was negligent in intubating Mr. Port. *See* ECF Nos. 7 at 6, ¶ 4.6; 89-3. Dr. Sonnet almost hits the mark when he opined that "Mr. Port should have been advised in July of 2015 regarding treatment for his IPF including lung transplant and the requirement associated therewith[,]" ECF No. 89-3 at 3, because it appears to support the contention that Mr. Port should have been considered for a lung transplant at an earlier time. However, Dr. Sonnet concedes Mr. Port had a BMI over 30 on July 7, 2015 – which would make him *not* eligible for a transplant according to the VA – but implicitly argues Mr. Port would have lost weight had he been encouraged to do so at this time given the successful weight loss of others in his situation. *See* ECF No. 89-3 at 3-6. The opinion that Mr. Port would have lost weight had he been encouraged to do so in July 2015 is speculative, at best, and is contradicted by Mr. Port's express unwillingness to join a weight loss program when later prompted by medical professionals. As such, even if considering the declarations from Dr. Sonnet, Plaintiff has not brought forward any evidence supporting the two critical issues at hand.

Without medical testimony as to Plaintiff's claim of negligence (failing to timely detect Mr. Port's pulmonary fibrosis and negligently intubating Mr. Port),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 8

Plaintiff's claims fail and summary judgment is proper.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant United States' Motion for Summary Judgment ECF No. 78) is **GRANTED**.

2. Plaintiff Joanne Port's Motion for Reconsideration (ECF No. 93) is **DENIED**.

The District Court Executive is directed to enter this Order, enter judgment for Defendant, furnish copies to counsel, and close the file.

**DATED** April 15, 2019.



THOMAS O. RICE
Chief United States District Judge